# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v TRAVER

Docket No. 154494. Argued on application for leave to appeal December 6, 2017. Decided June 15, 2018.

Gary M. Traver was convicted following a jury trial in the Mackinac Circuit Court of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, but was acquitted of interfering with electronic communications, MCL 750.540(a), and carrying a concealed weapon (CCW), MCL 750.227. Defendant had an ongoing dispute with his neighbor over the use of their shared driveway, culminating in an altercation between the two men that resulted in defendant being charged with the four offenses. After the jury was sworn in, the court, William W. Carmody, J., gave preliminary oral instructions to the jury, which included the elements of CCW but not the elements of the remaining charges. In addition to the oral instructions, the trial court gave the jury written instructions on the elements of CCW, felonious assault, and interfering with electronic communications, but the written instructions were incomplete with regard to the offense of felony-firearm in that only the definition of possession was included for that offense. Defense counsel approved the instructions on the record. After closing arguments, the trial court orally instructed the jury regarding routine points of law, but the court did not orally instruct regarding the elements of the offenses, stating that the jury had already received written instructions regarding those offenses and the elements for each offense. After objecting to the felony-firearm instruction and requesting and receiving a clarifying instruction regarding that offense, defense counsel indicated that he was satisfied with the instructions. Defendant appealed. In a split decision, the Court of Appeals, GLEICHER, P.J., and M. J. KELLY, J. (SAWYER, J., dissenting), reversed defendant's convictions, reasoning that the trial court's failure to orally instruct the jury regarding the elements of the charged offenses constituted plain error that affected defendant's substantial right to have a properly instructed jury consider the evidence. 316 Mich App 588 (2016). Judge SAWYER dissented, stating that defendant had waived any claim of instructional error by expressing satisfaction with the instructions. The prosecution sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on whether to grant the prosecution's application for leave to appeal or take other action. 501 Mich 938 (2017).

In an opinion by Chief Justice MARKMAN, joined by Justices MCCORMACK, BERNSTEIN, WILDER, and CLEMENT, the Supreme Court *held*:

MCR 2.512 and MCR 2.513 require that trial courts provide instructions orally to the jury. In this case, however, defendant waived his claims of instructional error.

1. A court must properly instruct a jury so that the jury may correctly and intelligently decide the case. In that regard, the instructions to a jury must include all the elements of the charged offenses. A complete failure to instruct a jury regarding any of the elements necessary to determine if the prosecution has proven a charge beyond a reasonable doubt constitutes structural error that requires automatic reversal. In contrast, imperfect instructions that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do not necessarily render a criminal trial unfair such that the conviction must be set aside. An imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights. Defense counsel waives any error resulting from an imperfect instruction when counsel explicitly and repeatedly approves the instruction.

2. MCR 2.512(B)(2) provides that before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in MCR 2.512(A)(2), that party's theory of the case. MCR 2.513(A) provides, in part, that after the jury is sworn in, the court must provide the jury with pretrial instructions reasonably likely to assist in its consideration of the case, including instructions regarding the elements of all charged offenses. Similarly, MCR 2.513(N)(1) requires a trial court to instruct the jury as required and appropriate after closing arguments are made. Under MCR 2.513(N)(2), upon concluding the final instructions, the court must invite the jurors to ask any questions in order to clarify the instructions before the jurors retire to deliberate. MCR 2.513(N)(3) requires the trial court to provide a written copy of the final jury instructions for the jury to take into the jury room for deliberation; the court may also provide additional copies of the instructions if requested by any juror and may provide the jury with a copy of electronically recorded instructions.

3. Neither MCR 2.512 nor MCR 2.513 expressly states whether instructions must be provided orally to the jury. When interpreting court rules, the rules must be read in context and as a whole, taking into consideration the grammatical usage of the words in the rule. Reading the word "instruct" in MCR 2.512 and MCR 2.513 in context—that is, the requirement that a trial court must "instruct" the jury—the court rules affirmatively require oral instructions to the jury, even though neither rule expressly states that requirement. In grammatical terms, the MCR 2.513(N)(2) gerund phrase "[u]pon concluding the final instructions" refers to the subject of the sentence—the trial court—and it would not be correct to read the phrase as referring to a jury's reading of written instructions. In addition, the MCR 2.513(N)(2) command that invites jurors to ask clarifying questions, coupled with the subrule's timing element—"[u]pon concluding the final instructions"—suggests that the trial court must read the instructions aloud; a jury would not be able to ask clarifying questions at the conclusion of the final instructions if there were no oral instructions because the jury would not yet be cognizant of what the instructions entailed had the jury just been handed written instructions. The MCR 2.513(N)(3) requirement that the court provide a written copy of the final jury instructions to the jury and the MCR 2.513(N)(3) provision that the trial court may provide electronically recorded instructions also indicate that the final jury instructions must be given orally. MCR 2.513(A) similarly suggests that the initial

act of instructing the jury must be oral because the subrule requires the trial court to instruct the jury before trial on all claims and then requires the court to provide each juror with a copy of the instructions. The manner in which MCR 7.312(D)(2)(d) refers to "jury instructions" also supports the conclusion that the court rules require oral instructions.

4. In this case, the trial court erred when it failed to orally instruct the jury regarding the elements of several offenses. The issue did not constitute structural error because the jury was instructed in some form or another on the elements of all the offenses. Instead, because the manner in which the instructions were given constituted nonstructural error, the issue was subject to waiver analysis. Here, defendant waived the claim because defense counsel repeatedly approved the instructions as given. Defendant similarly waived his claim that the trial court failed to instruct the jury regarding felony-firearm, in light of the fact that the trial court further instructed the jury after defense counsel objected to the initial felony-firearm instruction and defense counsel orally approved that additional instruction. Accordingly, although the Court of Appeals correctly concluded that instructions must be given orally to the jury, the Court of Appeals erred by concluding that defendant was entitled to a new trial because of the instructional error.

Affirmed in part, reversed in part, and remanded to the Court of Appeals for consideration of defendant's previously unaddressed ineffective-assistance-of-counsel claims.

Justice ZAHRA, concurring in part and dissenting in part, agreed with the majority that defendant was not entitled to relief on the basis of his claims of instructional error but disagreed with the majority's conclusion that MCR 2.512 and MCR 2.513 require a trial court to orally deliver instructions to the jury. MCR 2.512(B)(2) and MCR 2.513(N)(1) require the trial court to "*instruct*" the jury. Applying the dictionary definition to those subrules, the plain and ordinary meaning of the transitive verb "instruct" requires the trial court to provide the jury with authoritative information or advice as required and appropriate, including the applicable law, the issues presented, and the party's theory of the case if requested by the party. These subrules do not require the trial court to deliver the instructions orally, and the instructions may therefore be delivered orally or in written form. The court rules plainly allow trial courts the flexibility to accommodate all qualified jurors—especially those with impairments or disabilities for whom written instructions may be more appropriate. Justice ZAHRA disagreed with the majority's conclusion that the MCR 2.513(N)(2) language "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate" suggests that the trial court must read those instructions aloud because the jury would not be able to ask clarifying instructions without them. The prepositional gerund phrase "[u]pon concluding the final instructions" functions adverbially because it addresses when the court must invite questions from jurors. While the majority correctly suggests that one logical reading of the sentence includes a trial court orally instructing the jury and then inviting questions from the jurors, that is not the only logical reading because gerunds and participles are often misplaced. The grammatical structure of the sentence could be improved on to better clarify the subject of the prepositional gerund phrase, and its weight as a contextual cue requiring oral instruction is therefore minimal. The MCR 2.513(N)(3) requirement that the jury must be provided a written copy of the final jury instructions and that the trial court may provide electronically recorded instructions does not suggest that the instructions were originally

delivered orally; the subrule does not require that a trial court read the instructions aloud, and providing a copy of the instructions merely allows jurors to not remember every single instruction. The plain language of MCR 2.513(A) similarly does not suggest that preliminary instructions must be delivered orally. The majority's reliance on MCR 7.312(D)(2)(d) is misplaced because if written instructions were provided to the jurors, they would be a relevant portion of the record required to be included in the appendix under that subrule. Although oral instructions are not currently required, the court rules should be amended to require a trial court to provide both oral instructions and written copies of the final instructions.

Justice VIVIANO, concurring in part and dissenting in part, agreed with the majority that defendant was not entitled to relief on the basis of his claims of instructional error but disagreed that a requirement for oral instruction arises contextually within the court rules. While MCR 2.513(N)(2) suggests a sequence of events culminating in jurors being allowed to ask clarifying questions, MCR 2.513(A) and MCR 2.513(N)(3) do not require that the first step in the sequence be oral instructions. The court rules should be amended to require trial courts to provide oral instruction, in conformity with the practice in the federal circuit courts and some states. The purpose of the 2011 amendments of the Michigan Court Rules was to require the trial court to supplement the traditional verbal instructions with a written copy to improve juror comprehension, but the amendment did not make the intention explicit. Because he concluded that the court rules do not presently require oral jury instructions, Justice VIVIANO would not have addressed whether the trial court's failure to provide them was subject to a waiver analysis.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED June 15, 2018

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                                No. 154494

GARY MICHAEL TRAVER,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MARKMAN, C.J.

At issue is whether the trial court erred by providing written instructions to the jury concerning elements of the charged offenses but failing to read those instructions aloud. Although we conclude that our court rules require oral instructions, defendant here waived any claims of instructional error. Therefore, we affirm the judgment of the Court of Appeals to the extent that it held that the court rules require oral instructions, but we reverse to the extent that it held that this claim and additional claims of instructional

error required reversal of defendant's convictions. In addition, we remand to the Court of Appeals for consideration of defendant's previously unaddressed arguments relating to ineffective assistance of counsel.[1]

## I. FACTS AND HISTORY

Defendant shared a driveway with his neighbor, Patrick St. Andre, and the two were involved in an ongoing dispute regarding use of the driveway. As a result of allegations arising from the dispute, defendant was charged with carrying a concealed weapon (CCW), MCL 750.227; assault with a dangerous weapon (felonious assault), MCL 750.82; interference with electronic communications, MCL 750.540(5)(a); and possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. After swearing in the jury, the trial court gave preliminary oral instructions to the jury and stated the following, in relevant part:

> To prove the charges, the prosecutor must prove beyond a reasonable doubt the following information that you have in your hand. I'd ask you to take a look now at what has been passed out to you.
>
> In count one, the defendant is charged with the crime of carrying a concealed weapon. To prove this charge, the prosecutor must prove, beyond a reasonable doubt, those elements so listed. First, that the defendant knowingly carried a weapon, a pistol. It does not matter why the defendant was carrying the weapon, but to be guilty of the crime, the defendant must have known that it was a weapon. Second, that this pistol was concealed, complete invisibility is not required. A weapon is concealed if it cannot easily be seen by those who come into ordinary contact with the defendant.

---

[1] In all other respects, we deny leave to appeal because we are not persuaded that the remaining issues in the prosecutor's application for leave to appeal should be reviewed by this Court.

Now, as you can see in count two and count three, and count four, those are the elements, ladies and gentlemen, that you will need to pay attention to during the course of this trial. Those are the four counts that Mr. Traver is charged with, and the attorneys will be discussing all of those as we proceed through here by questions of the witnesses. Okay?

The trial court then provided the jury with a two-page typed document that contained the definition of the term "possession" for felony-firearm and the elements of CCW, felonious assault, and interference with electronic communications; defense counsel expressed satisfaction with these instructions. Following closing arguments, the trial court again orally instructed the jury, but only as to routine points of law, such as the meaning of reasonable doubt and the fact that attorneys' arguments do not constitute evidence. It did not orally instruct regarding the elements of the charges, stating:

When you go into the jury room, ladies and gentlemen, you will be provided with a written copy of these instructions should you so choose. If there are instructions that I have given and others that I will give that you wish copies of, they will be provided to you. You've already received the charges and the elements of the same.

At the conclusion of these instructions, the trial court inquired whether defense counsel was satisfied, and counsel sought clarification regarding the felony-firearm instruction; the trial court responded with further instructions in that regard. Defense counsel then again expressed satisfaction with the instructions. The jury found defendant guilty of felonious assault and felony-firearm and not guilty of the remaining charges.

Following sentencing, defendant appealed as of right, raising numerous issues-- in particular, that the trial court erred by failing to orally instruct the jury on the elements of the charges. In a split decision, the Court of Appeals reversed defendant's convictions, reasoning that the trial court had failed to orally instruct the jury regarding the elements

3

of the charged offenses. *People v Traver*, 316 Mich App 588; 894 NW2d 89 (2016). Judge SAWYER dissented, asserting that defendant had waived any claim of instructional error by expressing satisfaction with the instructions. *Id*. at 603.

The prosecutor then sought leave to appeal in this Court, and on December 6, 2017, we heard oral argument regarding whether to grant the application. Because there was uncertainty regarding the specific written instructions the jury had received, we remanded to the trial court "for appropriate proceedings to settle the record as to the content of the written jury instructions on the elements of the charged crimes." *People v Traver*, 501 Mich 938 (2017). On remand, the trial court determined that the two-page typed document cited by the Court of Appeals was identical to the content provided to the jury by the trial court. We now address the claims of instructional error that the Court of Appeals majority held warranted reversal of defendant's convictions.

## II. STANDARD OF REVIEW

"We review de novo claims of instructional error" and "must consider the instructions as a whole, rather than piecemeal, to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Similarly, we review de novo the proper interpretation and application of court rules. *People v Comer*, 500 Mich 278, 289; 901 NW2d 553 (2017). The same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules; therefore, when interpreting a court rule, this Court begins with the text of the court rule and reads the individual words and phrases in their context within the Michigan Court Rules. *Id*.

## III.  LEGAL BACKGROUND

"A court must properly instruct the jury so that [the jury] may correctly and intelligently decide the case."  *People v Clark*, 453 Mich 572, 583; 556 NW2d 820 (1996) (opinion by MALLETT, J.).  "The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them."  *People v Reed*, 393 Mich 342, 349-350; 224 NW2d 867 (1975) (citations omitted).  The pertinent rules governing jury instructions are set forth in MCR 2.512 and MCR 2.513.  MCR 2.512 provides, in relevant part:

> (A) Request for Instructions.
>
> (1) At a time the court reasonably directs, the parties must file written requests that the court instruct the jury on the law as stated in the requests.  In the absence of a direction from the court, a party may file a written request for jury instructions at or before the close of the evidence.
>
> * * *
>
> (B) Instructing the Jury.
>
> (1) At any time during the trial, the court may, with or without request, instruct the jury on a point of law if the instruction will materially aid the jury in understanding the proceedings and arriving at a just verdict.
>
> (2) Before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.

MCR 2.513 provides, in relevant part:

> (A) Preliminary Instructions.  After the jury is sworn and before evidence is taken, the court shall provide the jury with pretrial instructions reasonably likely to assist in its consideration of the case.  Such instructions, at a minimum, shall communicate the duties of the jury, trial procedure, and the law applicable to the case as are reasonably necessary to

enable the jury to understand the proceedings and the evidence. The jury also shall be instructed about the elements of all civil claims or all charged offenses, as well as the legal presumptions and burdens of proof. The court shall provide each juror with a copy of such instructions. . . .

\* \* \*

(N) Final Instructions to the Jury.

(1) Before closing arguments, the court must give the parties a reasonable opportunity to submit written requests for jury instructions. Each party must serve a copy of the written requests on all other parties. The court must inform the parties of its proposed action on the requests before their closing arguments. After closing arguments are made or waived, the court must instruct the jury as required and appropriate, but at the discretion of the court, and on notice to the parties, the court may instruct the jury before the parties make closing arguments. After jury deliberations begin, the court may give additional instructions that are appropriate.

(2) Solicit Questions about Final Instructions. As part of the final jury instructions, the court shall advise the jury that it may submit in a sealed envelope given to the bailiff any written questions about the jury instructions that arise during deliberations. Upon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate.

\* \* \*

(3) Copies of Final Instructions. The court shall provide a written copy of the final jury instructions to take into the jury room for deliberation. Upon request by any juror, the court may provide additional copies as necessary. The court, in its discretion, also may provide the jury with a copy of electronically recorded instructions.

In *People v Duncan*, 462 Mich 47, 52; 610 NW2d 551 (2000), we addressed a case in which the trial court failed to instruct the jury regarding *any* of the elements of felony-firearm. *Duncan* held that "[i]t is structural error requiring automatic reversal to allow a jury to deliberate a criminal charge where there is a *complete failure* to instruct the jury regarding any of the elements necessary to determine if the prosecution has proven the

6

charge beyond a reasonable doubt." *Id*. at 48 (emphasis added). We grounded this conclusion in two general concerns with the complete failure to instruct. First, "[s]uch a defect improperly left the jury to speculate, i.e., the absence of *any* instructions regarding the elements of felony-firearm left the jury to guess what the prosecuting attorney might be required to prove." *Id*. at 52-53 (emphasis added). Second, "the failure to provide any of the elements of the charge may have suggested to the jury that the two charges were [somehow] tie-barred, i.e., if the jury found defendant guilty of murder, they were then to find defendant guilty of felony-firearm." *Id*. at 53. "Such tie-barring would run counter to our fundamental constitutional law as it directs the jury to return a verdict." *Id*. See also *id*. at 54 ("Indeed, this Court has even recognized that a jury is not required to reach consistent verdicts with regard to a felony-firearm charge and the accompanying felony.").

Unlike the situation in *Duncan* in which there was a *complete* failure to provide the jury with instructions regarding *any* of the elements of an offense, in *People v Kowalski*, 489 Mich at 501-503, we addressed the matter of *imperfect* instructions in a context in which the trial court had misinformed the jury by omitting individual elements of the offense. *Kowalski* explained that "[i]nstructional errors that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Id*. at 501 (quotation marks and citation omitted). Rather, *Kowalski* proceeded to assert, "an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. at 501-502. Furthermore, although "a jury instruction that

7

improperly omits an element of a crime amounts to a constitutional error," such an error is waived when defense counsel "explicitly and repeatedly approved the instruction." *Id.* at 503.

## IV. ANALYSIS

Neither MCR 2.512 nor MCR 2.513 expressly states whether instructions must be provided orally, and the prosecutor contends that the court rules do not require oral instructions. Although the requirement to "instruct" the jury could conceivably be read in isolation as referring to providing *either* oral or written instructions,[2] the context in which the word "instruct" is used in our rules leads us to conclude that the court rules affirmatively require oral instructions. See *Haliw v Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005) ("The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole. When interpreting a court rule or statute, we must be mindful of the surrounding body of law into which the provision must be integrated . . . .") (quotation marks and citation omitted); *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) ("Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context.").

As set forth earlier, MCR 2.513(N)(2) states that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the

---

[2] The dictionary defines the word "instruct" as "to provide with authoritative information or advice." *Merriam-Webster's Collegiate Dictionary* (11th ed).

instructions before they retire to deliberate." This command to invite clarifying questions regarding the final instructions, coupled with the specific timing element-- "[*u*]*pon concluding* the final instructions"-- suggests that the trial court reads the final instructions aloud. *Id*. (emphasis added). Absent oral instructions, the jury obviously would be incapable of asking "clarifying" questions at that time simply because it would yet be *unaware* of what the instructions entailed. That is, it would only have been as a result of a prior delivery of oral instructions by the court that a "conclusion" would be reached at which the jury would have been afforded sufficient information upon which to base a question seeking to "clarify" the final instructions. Logically, the jury must be *cognizant* of the final instructions at the point at which the invitation to clarify occurs, and the jury can only be cognizant of the instructions at that point-- that is, when the court has "conclud[ed] the final instructions," *id*.-- when the instructions have been orally communicated; jurors who still have to read a typed two-page statement after it is delivered to them will not be cognizant of the content of those instructions upon delivery.[3]

---

[3] In his partial dissent, Justice ZAHRA suggests that the clause "[u]pon concluding the final instructions" could be read as referring to the jurors' completion of reading the final instructions because the clause lacks an express subject; however, that reading is not only strained but also grammatically incorrect. See *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) ("The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended."); *Comer*, 500 Mich at 289 (stating that the same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules). The relevant portion of MCR 2.513(N)(2) specifies, "Upon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." As it is employed in MCR 2.513(N)(2), the word "concluding" functions as a gerund. See Garner, *Garner's Modern English Usage* (Oxford: Oxford University

9

Moreover, the MCR 2.513(N)(2) language "[u]pon *concluding* the final instructions" also communicates that there is some beginning, middle, and ending to the final instructions, a temporal sequence that makes sense only in the context of final instructions being provided to the jury in an oral manner. *Id*. (emphasis added). If the final instructions could be satisfied by merely handing the jury a "two-page typed" document, then the phrase "[u]pon *concluding* the final instructions" would have little coherent meaning because nothing of apparent consequence would have *preceded* the "concluding" moment-- indeed the "concluding" instant-- at which the court actually provided the written instructions to the jury. *Id*. (emphasis added). It is a questionable use of language to refer to the "conclu[sion]" of a moment, or an instant, at which some

---

Press, 2016), p 1006 (defining "gerund" as "[a] present-participial form that functions as a noun; a verbal noun"). That is, as employed here, "concluding" refers to an event. That event is either the trial court's "concluding the final instructions" or-- as Justice ZAHRA suggests-- the jurors' "concluding [their consideration of] the final instructions." When a sentence begins with a gerund phrase as the sentence at issue here does, the subject of the phrase must logically agree with the subject of the sentence. See Sabin, *The Gregg Reference Manual* (New York: McGraw-Hill, 2011), ¶ 1082, p 349 ("When a sentence begins with a participial phrase, an infinitive phrase, a gerund phrase, or an elliptical clause (one in which essential words are missing), make sure that the phrase or clause logically agrees with the subject of the sentence; otherwise, the construction will 'dangle.' "); *Garner's Modern English Usage*, pp 241-242 (explaining that "danglers" are problematic with participle phrases and gerund phrases alike; that "danglers" render a sentence incoherent or illogical; and that "[i]n the normal word order, a participial phrase beginning a sentence ('Walking down the street,') should be directly followed by the noun acting as subject in the main clause ('I saw the house')"). In order to have a proper grammatical reading of MCR 2.513(N)(2), the phrase "[u]pon concluding the final instructions" must be read as referring to the subject of the sentence here, which is the trial court. See MCR 2.513(N)(2) ("Upon concluding the final instructions, *the court* shall invite the jurors to ask . . . .") (emphasis added). Given that the trial court is the subject, it would be improper to read "[u]pon concluding the final instructions" as referring to an act of the jury.

10

action is taken unless that action in some way represents the culmination of some apparent *process* that has *led* to, or brought into *being*, that concluding moment or instant.[4]

Furthermore, the notion that the word "instruct" refers to providing oral jury instructions is compellingly underscored by the fact that MCR 2.513(N)(3) provides that "[t]he court shall provide a *written copy of the final jury instructions* to take into the jury room for deliberation." (Emphasis added.) By communicating that the court must provide a "written copy of the final jury instructions," MCR 2.513(N)(3) logically suggests that the final jury instructions were *not* originally provided in "writing" under

---

[4] Interpreting the rules to solely permit the practice of having the jury read the written instructions to themselves before the court solicits clarifying questions would not only overlook the critical *textual* clues to the contrary in MCR 2.513(N)(2) but would also be inconsistent with the *purposes* of our court rules. See MCR 1.105 ("These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties."). Absent oral guidance by the court, written jury instructions can hardly be said to advance "the just, speedy, and economical determination of" a case. *Id*. Take the instant case, for example, in which a time-consuming remand was required to settle the record concerning the content of the written jury instructions because the trial court had failed to read the relevant portions of the instructions to the jury, which resulted in the instructions not becoming part of the final transcript. Moreover, allowing written instructions as the sole means of instruction would deprive the jury of the active advice of the trial court and would require jurors to read the instructions in the jury box in open court before they retired; requiring this to be undertaken in the "fishbowl" of open court-- with parties, the gallery, and court officers watching and waiting-- makes little sense and could easily lead to a less-than-thorough and unreflective reading by the jury. By contrast, requiring oral instructions advances "the just, speedy, and economical determination of" a case given that the full panoply of instructions is explained aloud to the jury with the contents of those instructions included within any subsequent transcript. *Id*. Therefore, oral instructions not only best comport with the text of MCR 2.513(N)(2) but are also most consistent with the purpose of our court rules.

11

the requirement in MCR 2.513(N)(1) that "the court must instruct the jury as required and appropriate . . . ." MCR 2.513(N)(3) further provides that "[t]he court, in its discretion, also may provide the jury with a copy of electronically recorded instructions." That the rule contemplates the existence of "electronically recorded instructions" further suggests that the instructions must be provided orally. Thus, the references in MCR 2.513(N)(3) to providing "a written copy of the final jury instructions" and to "electronically recorded instructions" both indicate that the jury instructions must initially be given orally.

The court rules provide similar support for oral instructions in MCR 2.513(A), which governs preliminary instructions. MCR 2.513(A) indicates that the jury "shall be instructed about the elements of all civil claims or all charged offenses" and then states that "[t]he court shall provide each juror with a *copy* of such instructions." (Emphasis added.) Implicit, again, in the additional requirement of MCR 2.513(A) to provide a "copy" of the instructions to the jury is the understanding that the trial court orally instructed the jury in the first instance. Thus, as with MCR 2.513(N)(3), MCR 2.513(A) suggests strongly that the initial act of instructing the jury is undertaken orally.

This interpretation is not only supported by the various provisions of MCR 2.513 but also by the manner in which *other* court rules refer to "jury instructions." For example, MCR 7.312(D)(2)(e) requires that an appellant's appendix contain "any relevant portions of the transcript, including the complete jury instructions if an issue is raised regarding a jury instruction." In order for the "complete jury instructions" to have been transcribed and to compose part of the transcript, the jury instructions must have

been read aloud.[5]   Therefore, references to jury instructions throughout the court rules seemingly contemplate that the instructions be provided orally.

In summary, when the court rules are read in context and as a whole, it becomes reasonably clear that the commands in MCR 2.512 and MCR 2.513 that direct the trial court to "instruct" the jury refer to providing *oral* instructions.[6]

Nonetheless, in the instant case, although the trial court *failed* to orally instruct the jury regarding the elements of several offenses, defendant, in our judgment, clearly waived his claim of instructional error.[7]   As *Kowalski* explained:

---

[5] Similar court rules that govern appeals in circuit courts and the Court of Appeals lend support for the proposition that the court rules require oral instructions.  See, e.g., MCR 7.105(B)(5)(b) (stating that to apply for leave to appeal in circuit court, the appellant must file, "unless waived by stipulation of the parties or trial court order, a copy of certain transcripts," including, in an appeal challenging jury instructions, "the transcript of the entire charge to the jury"); MCR 7.205(B)(4)(c) (stating that to apply for leave to appeal in the Court of Appeals, the appellant shall file with the clerk, "in an appeal challenging jury instructions, the transcript of the entire charge to the jury").

[6] In his partial dissent, Justice ZAHRA concludes that by allowing for *either* oral or written instruction, the court rules provide trial courts with flexibility to accommodate jurors who may have impairments, such as a hearing impairment.  However, nothing in our interpretation of the relevant court rules prevents a trial court from providing the necessary accommodations for jurors who may have impairments or disabilities, and it is difficult to envision that a trial court would not affirmatively accommodate a juror who had such an impairment.  The trial court simply must provide oral instructions *in addition* to providing such accommodations.

[7] We note that *Duncan*, 462 Mich at 57, which held that a trial court's complete failure to instruct the jury on the elements of the charged offenses constituted structural error requiring reversal, did not address the concept of waiver.  However, because the instant case is distinguishable from *Duncan*, we need not address whether the complete failure to instruct would evade a waiver analysis.   Unlike *Duncan*, the jury here received instructions in some form or another on the elements of *all* of the offenses-- it is only the *manner* in which the instructions were presented that renders them imperfect.  As with

13

> This Court has defined "waiver" as the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [*Kowalski*, 489 Mich at 503 (quotation marks and citations omitted).]

Here, the jury received the document containing the definition of possession for felony-firearm and the elements of CCW, felonious assault, and interference with electronic communications. During the trial court's oral instructions, the trial court told the jury that it had already been provided the charges and the elements of the charges, and at the conclusion, defense counsel was asked whether there were any issues with the final instructions. Defense counsel raised an objection regarding the felony-firearm instruction, and additional instructions were provided. The trial court then asked whether defense counsel and the prosecutor were satisfied, and defense counsel replied, "Yes, your Honor." After the jury was excused, the trial court again asked, "All parties are satisfied with the instructions as given?" Both the prosecutor and defense counsel again responded, "Yes, your Honor." As this Court concluded in *Kowalski*, "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." *Id*. at 504. Therefore, the Court of Appeals majority erred by concluding that this claim of instructional error warranted a new trial.[8]

_____

*Kowalski*, the claim of instructional error here did not amount to structural error-- it is a nonstructural error and is clearly subject to a waiver analysis.

[8] In his partial dissent, Justice ZAHRA asserts that "it makes eminent sense to amend the court rules to require a trial court to provide both an oral recitation and written copies of the final jury instructions." No justice in the majority necessarily disagrees with this

## V. OTHER ISSUE

In addition to the above issue, the Court of Appeals majority held that there was a separate claim of instructional error that independently warranted a new trial. Specifically, it held that there had been a complete failure to instruct the jury regarding felony-firearm, which amounted to a structural error requiring reversal under *Duncan*. Here, the document containing written jury instructions that was provided to the jury did not list the full instructions for felony-firearm; rather, the instructions listed under felony-firearm merely pertained to what constitutes possession. However, defense counsel objected to the instructions regarding felony-firearm, and the trial court instructed the jury that "[i]f, for example, you find the defendant not guilty of the other three counts, you cannot find him guilty of the felony firearm. Okay? Because no felony has been committed." In addition, the court explained, "If you do find the defendant guilty in count one, two, or three and understand, in your belief, that a weapon was used to commission [sic] those crimes, then count four [felony-firearm] would be applicable." Following these *additional* instructions, both the prosecutor and defense counsel indicated that they were satisfied with the instructions for felony-firearm.

As with the earlier claim of instructional error, "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." *Kowalski*, 489 Mich at 504.[9]

---

proposition. However, the court rules do not yet expressly incorporate such language and, if and when such language is eventually incorporated, it will have been undertaken in *conformity* and *continuity* with the existing rules rather than establishing an entirely *new* requirement.

[9] As Judge SAWYER's dissent recognized, there were problems with the trial court's

Given the clear waiver in this case, the Court of Appeals majority erred by holding that this claim of instructional error warranted a new trial.[10]

## VI. CONCLUSION

We conclude that Michigan court rules *require* that jury instructions be provided orally. However, defendant waived this claim and any additional claims of instructional error. For that reason, we affirm the judgment of the Court of Appeals but only to the extent that it held that oral jury instructions are required; we reverse to the extent that it held that defendant's claims of instructional error required reversal of his convictions; and we remand to the Court of Appeals for review of defendant's previously unaddressed arguments relating to ineffective assistance of counsel. In all other respects, we deny

---

felony-firearm instructions but the claims of instructional error were waived. Similar to the previously discussed claim of instructional error, we need not address whether the instant claim potentially evades a waiver analysis. Despite defendant's claimed errors with this instruction, the instant case did not involve a situation in which the trial court entirely omitted any instruction regarding the elements of felony-firearm; accordingly, this case is unlike *Duncan*. Rather, this case-- as with *Kowalski*-- involves a situation in which the trial court provided imperfect instructions regarding the elements of an offense, and the claimed error is subject to waiver analysis.

[10] The majority further erred by holding that it need not "resort to ineffective assistance of counsel principles to circumvent potential waiver issues . . . ." *Traver*, 316 Mich App at 601. In this case, defendant must establish a valid claim of ineffective assistance of counsel in order for him to be entitled to relief on his waived claims of instructional error. Defendant raised the claims of ineffective assistance in the Court of Appeals, but they were not addressed by the majority. We decline to address them in the first instance and instead remand to the Court of Appeals for consideration of defendant's arguments that defense counsel was constitutionally ineffective to the extent that defendant's claims of instructional error were waived.

leave to appeal because we are not persuaded that the remaining question raised by the prosecutor should be reviewed by this Court.

                                             Stephen J. Markman
                                             Bridget M. McCormack
                                             Richard H. Bernstein
                                             Kurtis T. Wilder
                                             Elizabeth T. Clement

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v

No. 154494

GARY MICHAEL TRAVER,

     Defendant-Appellee.

_____

ZAHRA, J. (*concurring in part and dissenting in part*).

The majority holds that MCR 2.512 and MCR 2.513 require a trial court to orally deliver final instructions to the jury after the parties' closing arguments have been made or waived. As a matter of sound policy and practice, I believe Michigan courts should instruct jurors orally and provide jurors written copies of all applicable instructions before they commence deliberations. But the majority's holding is not based on any explicit directive in the court rules. Rather, the majority infers this purported mandate from the syntax of the surrounding text of the pertinent rules. Because the plain language of these rules does not support the proposition that a trial court is required to read aloud the final jury instructions, as opposed to provide the jurors with written instructions, I respectfully dissent.

This Court applies the same legal principles of interpretation and construction applicable to statutes when it construes court rules.[1] Accordingly, we begin by examining the plain language of the rule.[2] In doing so, we must give effect to every word, phrase, and clause in a court rule, and, in particular, consider the plain meaning of the critical word or phrase to avoid rendering any part of the rule nugatory or surplusage if at all possible.[3] If a word or phrase is undefined and lacks a unique legal meaning, it must be accorded its plain and ordinary meaning, for which a lay dictionary may be consulted.[4] There is no need for judicial construction or interpretation if the court rule is unambiguous; the plain meaning of the rule must be enforced as written.[5]

MCR 2.512 (entitled "Instructions to Jury") and MCR 2.513 (entitled "Conduct of Jury Trial") set forth the procedures as they pertain to the trial court delivering jury instructions. In particular, MCR 2.512(B) provides as follows:

> (1) At any time during the trial, the court may, with or without request, instruct the jury on a point of law if the instruction will materially aid the jury in understanding the proceedings and arriving at a just verdict.

---

[1] *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011); see also *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

[2] *Duncan*, 494 Mich at 723.

[3] Accord *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 70-71; 894 NW2d 535 (2017); *In re McCarrick/Lamoreaux*, 307 Mich App 436, 447; 861 NW2d 303 (2014); *State Bd of Ed v Houghton Lake Community Sch*, 430 Mich 658, 671; 425 NW2d 80 (1988).

[4] See *Duncan*, 494 Mich at 723 ("The Court may refer to dictionaries to aid in discerning the plain meaning of a rule.").

[5] *Id*.

(2) Before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.[6]

Further, MCR 2.513(N) provides, in pertinent part:

(1) Before closing arguments, the court must give the parties a reasonable opportunity to submit written requests for jury instructions. Each party must serve a copy of the written requests on all other parties. The court must inform the parties of its proposed action on the requests before their closing arguments. After closing arguments are made or waived, the court must instruct the jury as required and appropriate, but at the discretion of the court, and on notice to the parties, the court may instruct the jury before the parties make closing arguments. After jury deliberations begin, the court may give additional instructions that are appropriate.

(2) Solicit Questions about Final Instructions. As part of the final jury instructions, the court shall advise the jury that it may submit in a sealed envelope given to the bailiff any written questions about the jury instructions that arise during deliberations. Upon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate.

* * *

(3) Copies of Final Instructions. The court shall provide a written copy of the final jury instructions to take into the jury room for deliberation. Upon request by any juror, the court may provide additional copies as necessary. The court, in its discretion, also may provide the jury with a copy of electronically recorded instructions.

---

[6] MCR 2.512(A)(2) provides: "In addition to requests for instructions submitted under subrule (A)(1), after the close of the evidence, each party shall submit in writing to the court a statement of the issues and may submit the party's theory of the case regarding each issue. The statement must be concise, be narrative in form, and set forth as issues only those disputed propositions of fact that are supported by the evidence. The theory may include those claims supported by the evidence or admitted."

MCR 2.512(B)(2) requires that the trial court "*instruct* the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case."[7] MCR 2.513(N)(1) similarly requires that the trial court "*instruct* the jury as required and appropriate" after closing arguments have been made or waived.[8] The principal term of interest in both of these rules is "instruct," which *Merriam-Webster's Collegiate Dictionary* defines as "to provide with authoritative information or advice."[9] In according the transitive verb "instruct" its plain and ordinary meaning, the court rules only require that the trial court provide the jury with authoritative information or advice as required and appropriate, which would include the applicable law, the issues presented by the case, and, perhaps, a party's theory of the case. These rules do not, however, require any particular method for delivering this

---

[7] Emphasis added.

[8] Emphasis added.

[9] *Merriam-Webster's Collegiate Dictionary* (11th ed), def 2. The transitive verb "instruct" is also defined as "to give knowledge to," *id*., def 1, and "to give an order or command to," *id*., def 3. A court's selection of the proper definition must be guided by the context of the rule in which the term appears. See *People v Shami*, 501 Mich ___, ___ n 30; ___ NW2d ___ (2018) (Docket No. 155273); slip op at 10 n 30. Therefore, it is important to recognize that the term "instruct" in this context is used to describe the trial court's responsibility with regard to the jury after closing arguments. Because the dictionary uses "the judge *instructed* the jury" as an example for the definition of "to provide with authoritative information or advice," *id*., def 2, I believe it is the most appropriate definition for determining the plain and ordinary meaning of "instruct" in MCR 2.513(N)(1). Relatedly, *Black's Law Dictionary* defines the phrase "jury instruction" as a "direction or guideline that a judge gives a jury concerning the law of the case." *Black's Law Dictionary* (10th ed). This definition similarly does not dictate oral over written transmission of jury instructions.

4

information; a trial court can provide authoritative information in either oral or written form.

As plainly written, the court rules provide trial courts with the flexibility needed to accommodate all qualified jurors, especially those who may have impairments or disabilities. On the one hand, if the jury includes one or more members who are visually impaired, an oral recitation of the final jury instructions would be appropriate and necessary for the trial court to properly discharge its duty to instruct the jury. On the other hand, if the jury includes one or more members who are hearing impaired, oral instructions would most likely be inadequate, and written instructions would be appropriate to accommodate the needs of those jurors.[10] It is precisely this sort of flexibility that complements and accommodates the ever-increasing diversity of juries.

Nevertheless, the majority surmises that the contextual cues in the surrounding text of MCR 2.513 justify its conclusion that the court rules require a trial court to orally deliver final jury instructions. For instance, the majority examines the language in MCR 2.513(N)(2), which states that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." According to the majority, this language suggests that the trial court must read aloud from the final instructions because the jury would be incapable of asking clarifying questions without those oral instructions. I disagree.

---

[10] Another reasonable accommodation might involve providing the juror with a sign language interpreter. See Frank & Aleinikoff, *Juries and the Disabled*, The Federal Lawyer (Dec 2012), pp 35-36.

5

The phrase "[u]pon concluding the final instructions" is a prepositional gerund phrase, insofar as the gerund phrase "concluding the final instructions" is serving as the object of the preposition "[u]pon."[11] Although a gerund functions as a noun, a prepositional gerund phrase may function as a noun, adjective, or adverb.[12] In this context, the phrase serves an adverbial function; it is addressing *when* the court must invite questions from jurors to clarify any of the final instructions. To avoid confusion, a prepositional gerund phrase should be written in a way that it logically agrees with the subject of the sentence. Thus, the majority is correct in suggesting that one logical reading of this sentence would have the court orally concluding the final instructions, after which the court is then required to invite questions from the jurors. But because participles and gerunds are often misplaced, I am not confident that this is the only logical reading of this sentence. For instance, when the jurors and the trial judge each

---

[11] Although a present participial phrase and a gerund phrase both include a verb that ends in *-ing*, there is a distinction between the two. On the one hand, a gerund is a verb that functions as a noun, thereby occupying some positions in a sentence that a noun ordinarily would (e.g., subject, direct object, subject complement, and object of a preposition). See Strunk & White, *The Elements of Style* (4th ed), pp 12-13, 55-56; see also *The Chicago Manual of Style* (16th ed), Rule 5.109 to Rule 5.111. A present participle, on the other hand, is a verb that functions as an adjective. See Strunk & White, *The Elements of Style*, pp 13-14, 93. Accordingly, the difference between participles and gerunds turns on their function. A present participial phrasing of MCR 2.513(N)(2) looks very similar to the current language of the subrule and would appear as follows: "Concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." For this iteration, "concluding" is the present participle and serves the function of an adjective, which then raises the question whether "concluding" is modifying the noun "court," the noun "jurors," or both.

[12] *The Chicago Manual of Style*, Rule 5.173.

6

have their own individual copy of the written jury instructions, this sentence could be read as both the court and the jurors functioning as the subjects of "concluding." In other words, once the court and the jurors have finished reading the instructions, MCR 2.513(N)(2) simply requires that the court then invite the jurors to ask any clarifying questions that they may have regarding those instructions.[13] Because this sentence itself could be improved upon to clarify the subject of the prepositional gerund phrase, I believe the weight given to the majority's implication drawn from this particular contextual cue is minimal and does not necessarily suggest that a trial court is required, in all instances, to orally deliver final jury instructions.[14]

The majority also looks to MCR 2.513(N)(3), which requires that the trial court "provide a written copy of the final jury instructions to take into the jury room for deliberation." According to the majority, providing a written copy of the instructions for the jurors to take with them into the jury room suggests that the instructions were originally delivered orally. The majority also believes that the sentence in this subrule

---

[13] The majority also posits that the phrase "[u]pon concluding" communicates a "temporal sequence" that would only make sense in the context of oral instructions. *Ante* at 10. But jurors reading to themselves from written instructions would also have a temporal sequence because reading has "some beginning, middle, and ending," *ante* at 10, such that the trial court would still be able to invite clarifying questions after the jurors had completed reading the written instructions.

[14] The majority claims that permitting jurors to read instructions to themselves would be inconsistent with the purposes of our court rules because, without "oral guidance" from the court, written instructions would not "advance 'the just, speedy, and economical determination of' a case." *Ante* at 11 n 4, quoting MCR 1.105. I question, however, how much "guidance" or "advice" a court is actually providing when it simply reads aloud from the same instructions the jurors could read for themselves.

that a trial court "also may provide the jury with a copy of electronically recorded instructions" suggests that the initial instructions were provided orally. I disagree for two reasons.

First, this subrule does not require that a trial court read the instructions aloud. Rather, it speaks only to what is required of the trial court in regard to what jurors may take with them into the jury room when deliberating. In other words, it addresses what is required *after* the trial court provides the final jury instructions following closing arguments and would apply regardless of whether those instructions were provided in oral or written form.[15] Thus, this subrule would be consistent with providing each juror their own copy of the written instructions, having jurors read those instructions to themselves, having the jurors ask any questions for clarification, and then having the jurors take a single copy of those instructions with them into the jury room when they retire to deliberate.

Second, providing the jurors with a copy of the instructions for reference during deliberations means that jurors are not required to remember every single instruction. Returning to my earlier discussion of a visually impaired juror, however, a copy of the written instructions would not serve this purpose. Accordingly, allowing the option for an "electronically recorded" version of the instructions would serve the same purpose of a written copy of the instructions, thereby enabling a visually impaired juror to refer to those instructions during deliberation.

---

[15] For this reason, written instructions would not render this subrule surplusage, as the Court of Appeals majority suggested. See *People v Traver*, 316 Mich App 588, 597; 894 NW2d 89 (2016).

Next, the majority claims that the language of MCR 2.513(A)—which governs preliminary instructions and states that the trial court "shall provide the jury with pretrial instructions reasonably likely to assist in its consideration of the case" and "shall provide each juror with a copy of such instructions"—indicates that the trial court orally instructed the jury in the first instance. Not surprisingly, I disagree with this assertion. The plain language of this subrule simply requires the trial court to provide pretrial instructions to the jury and makes clear that each juror is entitled to his or her own individual copy of those instructions. There is nothing in this rule to suggest that preliminary instructions must be delivered orally, let alone that oral delivery of the final jury instructions is required.

Finally, going beyond MCR 2.512 and MCR 2.513, the majority relies on a court rule that governs the preparation of briefs and appendixes for calendar cases to be argued in this Court for further support for its conclusion that a trial court is required to read final jury instructions out loud. Specifically, MCR 7.312(D)(2)(e) addresses the contents of an appellant's appendix, which must contain "any relevant portions of the transcript, including the complete jury instructions if an issue is raised regarding a jury instruction." In order for the jury instructions to become part of a transcript, says the majority, those instructions must have been first read aloud and then transcribed. But this does not mean that the jury instructions must be given orally. Rather, if written instructions were provided to the jurors, they would be a "relevant portion[] of the . . . record" required to be included in the appendix under MCR 7.312(D)(2)(d).

For these reasons, I am not willing to make the same interpretative leap the majority does to read into the plain language of MCR 2.512 and MCR 2.513 a

9

requirement that the trial court must orally deliver final jury instructions. That being said, I believe it makes eminent sense to amend the court rules to require a trial court to provide both an oral recitation and written copies of the final jury instructions. But until such an amendment comes to fruition, I must respectfully dissent.

Brian K. Zahra

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v

No. 154494

GARY MICHAEL TRAVER,

     Defendant-Appellee.

_____

VIVIANO, J. (*dissenting in part and concurring in part*).

The majority holds that MCR 2.512 and MCR 2.513 require a trial court to orally instruct juries. Although I believe wholeheartedly that trial courts should provide oral instructions to juries, I disagree that such a requirement can be gleaned from our rules in their present form.[1] Therefore, I respectfully dissent from the majority's conclusion to the contrary.

I agree with the majority that "[n]either MCR 2.512 nor MCR 2.513 expressly states whether instructions must be provided orally . . . ."[2] But I disagree that such a requirement arises contextually from our court rules. The majority first examines MCR

---

[1] Several years ago, at my urging, the Court opened an administrative file to consider amending MCR 2.513 to clarify that trial courts must provide juries with oral instructions. I believe we should act with dispatch to clarify our rules to clearly require that jury instructions must be provided orally.

[2] *Ante* at 8.

2.513(N)(2), which provides that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." I agree with the majority that the rule suggests a sequence of events in which the instructions are presented to the jurors, who can then ask clarifying questions. But nothing indicates that the first step in the sequence must be oral jury instructions; the trial court could just as well provide written instructions for the jury to read before the jurors are invited to ask questions.

The majority also scrutinizes MCR 2.513(A) and MCR 2.513(N)(3), which require the trial court to provide each juror with a copy of certain preliminary instructions at the beginning of the trial and the entire jury with a copy of the final jury instructions to take into the jury room for deliberation. According to the majority, these rules "suggest[] strongly that the initial act of instructing the jury is undertaken orally."[3] I do not see how, since nothing indicates that the first version of the instructions—from which copies are provided—needs to be oral.

Even less convincingly, the majority relies on court rules providing what is required to file an appeal—rules that quite explicitly do not govern the conduct of a jury trial. Regardless, these rules do not aid our inquiry because while jury instructions read aloud to the jury would become part of the transcript needed for an appeal, so too could the trial court mark as an exhibit a copy of the written instructions provided to the jurors, which would then become a "relevant portion[] of the . . . record" required to be included

---

[3] *Ante* at 12.

in the appendix under MCR 7.312(D)(2)(d).[4]

As I noted at the outset, and despite the foregoing analysis, I strongly believe we should amend our court rules to require trial courts to provide juries with oral instructions. This is already the dominant practice, and has been for some time.[5] Indeed, the federal circuit courts have held that the failure to orally instruct a jury is error.[6] The Third Circuit has explained why this is so:

> For not only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally important to make as certain as may be that each member of the jury has actually received the instructions. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant. We

---

[4] For good measure, the majority posits that permitting jurors to read instructions to themselves would be inconsistent with the purposes of our court rules because, without "oral guidance" from the court, written instructions would not "advance 'the just, speedy, and economical determination of' a case." *Ante* at 11 n 4, quoting MCR 1.105. However, this rule is aspirational in nature and does not provide much assistance to our textual analysis of the governing rules.

[5] See *Guam v Marquez*, 963 F2d 1311, 1314 (CA 9, 1992) ("[T]rial judges and litigators have always assumed that jury instructions must be oral."). See also *United States v Robinson*, 724 F3d 878, 887 (CA 7, 2013) ("Our criminal justice system has relied on oral jury instructions since its inception . . . ."), citing Marder, *Bringing Jury Instructions Into the Twenty-First Century*, 81 Notre Dame L Rev 449, 490-510 (2006).

[6] See, e.g., *United States v Noble*, 155 F2d 315, 318 (CA 3, 1946) (holding that the trial court's failure to orally instruct the jury on the elements was error); *United States v Perry*, 375 US App DC 238; 479 F3d 885 (2007) (same); *Marquez*, 963 F2d at 1314-1315 ("[A]ll jury instructions must be read aloud to the jury in the presence of counsel and the defendant."); *Robinson*, 724 F3d at 887-888 ("[A] trial judge commits error if she fails to read aloud jury instructions in their entirety.") (quotation marks and citation omitted); see also 2A Wright & Miller, Federal Practice & Procedure (4th ed), § 483, p 421 ("All instructions to the jury . . . must be announced orally by the judge.").

conclude that the failure in the present case to instruct the jury upon the elements of the crime was error.[7]

Several courts in other states have also held the same.[8]

In 2011, the rules governing the conduct of jury trials in Michigan were amended to incorporate many of the jury reform principles tested in the Court's two-year jury reform pilot project.[9] Under the former jury instruction rule, supplemental written instructions were permitted but not required.[10] As noted above, the current rule now requires that additional written or electronic copies be provided to jurors at the beginning and end of the trial. I believe the purpose of this reform was to require the trial court to supplement the traditional verbal instructions with a written copy to improve juror comprehension.[11] Unfortunately, the language of the rule does not make this intention

---

[7] *Noble*, 155 F2d at 318. Notably, the court concluded that the trial judge would not have fulfilled his duty even if written instructions provided to the jury had fully recited all applicable legal principles. *Id*.

[8] See, e.g., *State v Lamb*, 541 NW2d 457, 462 (ND, 1996) (holding that the court must read oral instructions to the jury). Accord *State v Lindsey*, 245 NJ Super 466, 470-471; 586 A2d 269 (1991); *State v Iosefa*, 77 Hawaii 177, 184; 880 P2d 1224 (1994); *State v Castoreno*, 255 Kan 401, 411-412; 874 P2d 1173 (1994).

[9] See 489 Mich clxxvi, cxcvi (2011) (staff comment).

[10] See MCR 2.516(B)(5), as amended June 2, 1998, 457 Mich xcvi (1998).

[11] See, e.g., *Robinson*, 724 F3d at 887-888 ("Our criminal justice system has relied on oral jury instructions since its inception, and while there is ample evidence that the increasingly common use of supplementary written instructions can help jurors understand difficult legal concepts, a trial judge commits error if she fails to 'read aloud jury instructions in their entirety[.]' ") (citations omitted). See also Elwork et al, *Making Jury Instructions Understandable* (Charlottesville: The Michie Company, 1982), p 20 ("Several experimenters have shown that vocalization of written material facilitates memory. Thus, the ideal is to present material in both modes at the same time."), citing Murray, *Vocalization at Presentation and Immediate Recall With Varying Methods*, 18 Q

explicit.  And "[i]t is the *law* that governs, not the intent of the lawgiver."[12]  Accordingly, I respectfully dissent from the majority's holding that oral jury instructions are required.[13]

David F. Viviano

---

J of Experimental Psychol 9 (1966), and Tell & Ferguson, *Influence of Active and Passive Vocalization on Short Term Recall*, 102 J of Experimental Psychol 347 (1974).

[12] Scalia, *A Matter of Interpretation: Federal Courts and the Law* (Princeton: Princeton University Press, 1997), p 17.

[13] Because I do not believe that our court rules presently require oral jury instructions, I would not address whether the court's failure to provide them is subject to a waiver analysis.